## Rose, by her next friend, *vs.* Rose.

Where a bill, filed by the wife, for an absolute divorce upon the ground of the adultery of her husband, charges the husband with cruel treatment, which renders it unsafe for the complainant to cohabit with him, and such bill is so framed, as to entitle her to a decree of separation if she fails to establish the adultery charged in the bill, such bill is multifarious.

An amendment of a bill which is multifarious, should not be allowed, if the bill, as sought to be amended, will still be multifarious, or otherwise liable to demurrer for want of form. But the amendment should be allowed only upon the condition that the complainant further amends his bill by striking out the charges therein, which render it multifarious, or otherwise defective in point of form.

Upon a bill for a divorce, the complainant is not entitled to an injunction to restrain the defendant from using his property for the necessary support of himself and his children, or from using his tools of trade, or from carrying on his ordinary business.

An injunction should not be granted upon a bill which is bad upon demurrer, even in point of form merely.

It is a good ground of opposition to an application for alimony, or for an allowance for the expenses of the complainant in carrying on a suit against her husband, for a divorce or a separation, that the bill is so defective, either in form or substance, as to be bad upon demurrer.

Where the husband, after the alleged adultery charged against him in the bill of his wife, secured one half of his property to his wife, by a voluntary arrangement between them, for the use of herself and two of his children, reserving the other half for the use of himself and five other children; *Held*, that the wife was not entitled to an allowance for alimony, or for the purpose of carrying on the suit against her husband, unless she and her trustee either surrendered, or offered to surrender, the voluntary settlement made upon her by the husband.

This case came before the chancellor, upon an appeal by the defendant from three orders of the vice chancellor of the sixth circuit. The first order appealed from, granted the complainant's motion for leave to amend her bill, by adding the allegations required by the third clause of the 163d rule of this court in relation to bills to obtain divorces. The second order directed the defendant to pay $75 to the complainant, towards the expenses of her suit. And the third order was a denial of the defendant's application to dissolve an injunction, which had been granted, restraining him from selling, assigning, or meddling with any of his property.

*H. Bennett*, for the appellant.

*H. O. Southworth*, for the respondent.

THE CHANCELLOR. The excuse for not inserting the aver-ments in the bill, which are required by the present 163d' rule to be stated therein, was the ignorance of the solicitor of the existence of the rule. This provision was not contained in the first and second editions of the rules subsequent to the revised statutes, and was inserted for the first time in the revision of the rules in 1837. It was not a statutory requirement that these allegations should be inserted in the bill. The rule directed it, for the purpose of preventing collusion, and to enable the court to carry out the intention of the legislature, in cases where the bill was taken as confessed or the adultery was admitted; by having these matters necessarily inquired into by the master, upon the ordinary reference to him, to take proof of the adultery *and of the other matters stated in the bill.* The reference to the statute, in the bill itself, therefore, would not apprize the complainant's solicitor of the necessity of inserting these aver-ments, as is supposed by the counsel for the appellants. The neglect to look at the existing rules of the court, however, would have been a poor excuse, if the fact that the bill was drawn by the solicitor at his house, in great haste, when he was confined by sickness, had not been stated in his affidavit. But under those circumstances, it was proper to permit the complainant to amend the bill, upon terms, by inserting these averments, if such an amendment would have rendered the bill unexceptionable in point of form. Even with that amendment, however, it will still be demurrable, upon the ground that charges of mal-treat-ment are inserted, in connection with the charges of adultery. The bill appears to have been framed with a view to obtain a decree for a separation, for the alleged mal-treatment, in case the complainant should not succeed in establishing the charges of infidelity. It is filed by her next friend; which is wholly unusual, as well as unnecessary, in a bill for a divorce. It also contains an alternative prayer, after the usual prayer for a di-

Rose *v.* Rose.

vorce and for alimony, &c. for further and additional relief, *or that the complainant may have such other relief, as the nature of her case may require.* This, in connection with the charges of mal-treatment, and other acts which, as she alleges, have injured both her health and her mind, show that the bill must have been framed with a view to obtain a decree for a separation, for the alleged mal-treatment, if an absolute divorce could not be obtained by proving the alleged adultery of the defendant. The bill is, therefore, bad for multifariousness; according to the decision of this court in *Smith* v. *Smith*, (4 *Paige's Rep.* 92.) The amendment should not, then, have been granted, so as to, make a good bill for an absolute divorce, without requiring the complainant to strike out all the charges and allegations therein of *slander, abuse and mal-treatment,* which are stated in the fourth and in the twentieth folios of the bill, and the charge in the twenty-first folio, that her health and mind had been injured by the mal-treatment and other acts of the defendant. The order for leave to amend must, for this reason, be modified, so as to permit the amendment, as asked for, only upon the condition that the complainant further amends her bill, by striking out the charges and allegations before stated, and the amendment must be granted upon the further condition, that it be made within twenty days. The defendant must also be permitted to put in a new answer; to enable him to set up, as a defence, the recriminatory charges which, as he states in his affidavit, he believes he will be able to prove. And the next friend of the complainant must pay the costs of putting in the first answer, and the costs upon this appeal, together with the costs of opposing the motion to amend; to be taxed together in one bill.

The allowance for the expenses of the suit, upon this defective bill, cannot of course be sustained. (*Wood* v. *Wood*, 2 *Paige's Rep.* 454.) Besides, the affidavits on the part of the defendant show that, since the alleged adultery, there has been a voluntary provision for the wife, and two of the children, embracing at least half of the defendant's property. And I am not prepared to say that it would be proper to exhaust the residue, if any there is, in payment of the expenses of a litigation, the neces-

Rose *v.* Rose.

sity of which that settlement was probably intended to supersede. At least the complainant, and her next friend, should, in justice, surrender up the agreement and mortgage to be cancelled, or offer to do so, before they should be permitted to exhaust the property which may be necessary for the support of the defendant and his other five children, in paying the costs of this litigation before the result thereof can be known. This order for the allowance for the costs of litigation, before there was a bill on which a divorce could have been properly granted, must therefore be reversed. And the petition for an allowance, for that purpose, must be dismissed with costs; but with liberty to renew the application, if the complainant shall be advised to do so, upon the amended bill, and upon such other papers as she may think proper to present, after the costs shall have been paid as above directed.

The injunction was erroneously granted upon this multifarious bill, even if the averments required by the 163d rule had been contained therein. Besides, the injunction was much broader than would have been proper, even upon a bill which was not defective. For it not only restrained the defendant from parting with his property for the purpose of placing it beyond the reach of the process of the court, but it also prohibited him from using his property in any way. He cannot even use his tools of trade, nor can he manufacture his stock on hand, or apply any part of his property to support the five children remaining with him, without violating this injunction. The order denying the motion to dissolve the injunction must therefore be reversed, and the injunction must be dissolved; but with liberty to the complainant to apply to renew the injunction, upon an amended bill, so far as an injunction may be necessary and proper to protect the defendant's property from being wasted or squandered. And the defendant's costs, upon the application to dissolve the injunction, must abide the event of the suit, and must be paid by the next friend of the complainant, if she does not succeed in this cause in obtaining a decree for a divorce.(*a*)

(*a*) See *Beach* v. *Beach*, (*ante*, 161.)