CULVER'S EX'OR.
vs
CULVER.

*J. T. Morehead* and *L. Hord* for plaintiffs; *J. & W. L. Harlan* for defendants.

---

CHANCERY.

Case 34.

December 28.

Case stated.

## Culver's Executor *vs* Culver.

ERROR TO THE UNION CIRCUIT.

*Husband and wife. Maintenance. Notice.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

By articles of agreement in contemplation of marriage, John Culver agreed, in case the marriage should take place, that he would support his intended wife decently and comfortably during his life, and if she survived him, "she is to have allotted to her out of his estate, a sufficient sum as shall be ample and sufficient for her support and maintenance during her natural life, to be paid over to her by his executor or administrator," in consideration of which she relinquished all further or other right in his estate. Upon the death of

John Culver, some few months after the marriage, his
widow, Frances Culver, filed her bill against Nicholas
Culver, as his administrator, and against him and others
as heirs of said John, stating that no provision had been
made for her in pursuance of the marriage articles, and
that she had been expelled from the mansion house and
left destitute, without means of support, &c.   And be-
fore her bill was answered, she filed her petition pray-
ing for an allowance during the pendency of the suit.
Upon this petition, notice of the application having been
served upon Nicholas Culver, named as executor in the
will of John Culver, but called administrator in the bill
and petition, a motion was made for an allowance as
prayed for, and on oral evidence heard in Court, an or-
der or decree was made declaring as the result of the
evidence, that the estate of John Culver appeared to be
of the value of $7,000, and the petitioner was not suit-
ably provided for, and directing Nicholas Culver, exec-
utor, &c., to pay to her, out of the estate of John Cul-
ver in his hands, the sum of $200, for her support for
one year from the date of the order.   The present writ
of error is prosecuted to reverse this order.

With regard to the jurisdiction of the Court to de-
cree a specific execution of the ante-nuptial agreement
for a support, we think there can be no doubt.   It is a
familiar jurisdiction in the English chancery, and seems
to be peculiarly the subject of equitable cognizance, be-
cause there is, in truth, no adequate or appropriate legal
remedy.   The complainant is entitled to a support for
life, and not merely to such damages as a jury may give
at the commencement of her widowhood, in conse-
quence of the refusal of the administrator to pay her
any thing.   She is entitled to have a sum allotted out of
her late husband's estate, sufficient for her support du-
ring life.   The objects of the agreement can only be
secured by the aid of the power and supervision of the
Chancellor.

Then, as the Court of equity has undoubted jurisdic-
tion of the principal object of the suit, the specific exe-
cution of the contract for the support of the complain-
ant, and as upon the record as it stands, she is certainly

*margin notes:*

CULVER'S EX'OR.
vs
CULVER.

The Chancellor has power, after the husband's death, to carry into effect specifically, an ante-nuptial agreement, made by the husband with the wife, to provide her a suitable maintenance after his death.

—And as an incident, the Chancellor has the power to order the payment, out of the estate of

CULVER'S EX'OR.
        vs
   CULVER.

the husband, of
such support to
the wife as may
be reasonable,
during the pen-
dency of the suit.

Notice of 8 days
is reasonable and
sufficient, of an
intended appli-
cation for allow-
ance out of the
husband's estate
during the pen-
dency of a suit
for mainten-
ance.

entitled to a support from the estate of her late husband, the power of decreeing an allowance during the pendency of her suit for specific execution, is but an incident of that suit. This principle was, in effect, decided in the case of *Graves* vs *Graves, manuscript opinion Fall Term,* 1844; and we think the petition, however it may have been placed on the docket, is but a part of the principal suit.

The notice of the application, (eight days,) is deemed sufficient. No statute regulates this particular proceeding, and in the analogous case of an application for an allowance during the pendency of a suit for alimony, five days' notice only is required by the statute.

With regard to the amount of the allowance, as *it is* the first made after the death of the husband, and is for one year from the date of the order, it is in effect but little more than one hundred dollars a year. But independently of this view, as the first allowance, it could not be regarded as too large, even if it clearly appeared that $200 a year, during the life of the complainant, would be extravagant in reference to the means of the estate. But we cannot say that it so appears. The contract was, that she should have a sum ample and sufficient for her support. The sum now decreed will, of course, be taken into consideration in the final adjustment of her rights, any deficiency or excess may, and doubtless will, be compensated at the proper time, and certainly there is no such flagrant excess in this temporary allowance, as requires correction by this Court.

As the individual, Nicholas Culver, is sufficiently identified and the decree is against him in his representative character, the fact that he is called executor in the decree and administrator in the petition, is deemed immaterial.

Wherefore, perceiving no substantial objection to the decree, the same is affirmed.

*Morehead & Reed* for plaintiff; *J. & W. L. Harlan* for defendant.