The judgment of conviction should be reversed and a new trial ordered.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Judgment of conviction reversed.

---

GRACE M. LAKE, Respondent, *v.* L. FRANK LAKE, Appellant.

### Matrimonial actions — counsel fees to the wife.

The power of the court to require a husband to pay counsel fees to the wife to enable her to carry on or defend an action between them affecting the marriage relation is either derived from the statute or incidental to the statutory jurisdiction to entertain such actions. In either case the power to make such allowance is dependent upon the necessity therefor.

When the wife in a matrimonial action asks the court for an allowance for counsel fees, the burden is upon her to establish the facts which entitle her thereto. If the wife has money under her control, which she is entitled to use, sufficient to carry on or defend such an action, the court will not direct the husband to pay her any further sum for that purpose.

An order for counsel fees must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties there is no basis for the order.

Where a judgment of divorce has been granted by a court having jurisdiction, the relation of husband and wife is wholly severed, and the case does not come within the statutory provisions relating to counsel fees, nor has the court inherent jurisdiction to grant counsel fees as an incident to its general statutory jurisdiction in matrimonial actions.

*Lake* v. *Lake,* 128 App. Div. 932, reversed.

(Argued January 6, 1909; decided January 26, 1909.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 13, 1908, which affirmed an order

of Special Term directing the payment of a counsel fee during the pendency of a motion to set aside a judgment for divorce.

The parties to this action were married in 1900. On October 12, 1906, the plaintiff brought an action for divorce. The defendant appeared by attorney and served a sworn answer denying the incriminating allegations of the complaint. By consent the issues were tried at a Special Term held November 7, 1906, at which the parties were each represented by counsel and the plaintiff was present in person and was sworn as a witness in her own behalf and testified to her marriage and the birth in September, 1905, of a child of the marriage, and she also testified that the acts alleged to have been committed by the defendant were not so committed with her connivance and that they had not been condoned or forgiven. The court found in favor of the plaintiff and an interlocutory judgment was entered accordingly November 8, 1906. The interlocutory judgment also provided in accordance with a written agreement signed by the parties on the day that the action was commenced and by a further subsequent stipulation that the plaintiff should have the care and control of their child Helen, and that the defendant should pay to the plaintiff ten dollars per month for her education, support and maintenance. On the 5th day of March, 1907, final judgment was entered. Defendant, pursuant to said written agreement, paid the plaintiff's attorney for his services in the action and also $2,000 to the plaintiff and gave to her certain household furniture and furnishings in full of alimony and future support. Seven days after the final judgment was entered the defendant married again.

On September 14, 1907, the plaintiff petitioned the court to vacate and set aside the judgment and that in case the judgment was not wholly vacated and set aside that it be modified so as to provide proper and suitable support for her and her said child, and also that she be granted a suitable and proper counsel fee to cover the expenses of the application. In her petition she states " That she brought this action at the request of her husband, contrary to her own wishes and desire,

and under compulsion from him by reason of her fear that she would lose all means of support through his threat to leave her and her child without any means of support whatever unless she obtained a divorce from him upon grounds the evidence for which was to be furnished her by her said husband."

The petition further states that she thereupon consulted counsel and entered into negotiations with her husband through her counsel about an allowance to her by the defendant for alimony, counsel fees and future support, and that she consented to the agreement which was signed on the day that the action was commenced.

The petition further states that she relied upon statements made by the defendant that he was not worth the sum of $7,000 and that he was not willing to give her a larger sum than the amount stated in said agreement, and that by reason of the statements so made by him she assented to the agreement and accepted the sum so paid to her. She further states that she has since been informed and believes that he has at least $30,000 on deposit in certain banks.

The motion was denied and it was stated in the order denying the motion that it was denied "for want of sufficient evidence without prejudice to a renewal thereof upon further or additional evidence." An appeal was taken from such order to the Appellate Division where the order was reversed and the application of the plaintiff remitted to the Special Term for rehearing and decision. (*Lake* v. *Lake*, 124 App. Div. 89.) On the rehearing many affidavits were read by each party and the Special Term then made an order appointing a referee to take proof and report to the court with his opinion thereon in substance whether there was collusion between the parties or coercion of the plaintiff, or fraud practiced upon the court because of which the judgment and agreements or either of them should be vacated; and the order further provided: "That within ten days the defendant pay to the plaintiff the sum of two hundred and fifty dollars counsel fee herein."

An appeal was taken therefrom to the Appellate Division where the order was affirmed, one justice dissenting upon the ground that no counsel fee should be awarded while the plain-tiff is shown to have $2,000 of the defendant's money. (*Lake* v. *Lake*, 128. App. Div. 932.) The Appellate Division then made an order granting leave to the defendant to appeal to this court and certified to the court the following question: "Did the Special Term have power to award the plaintiff any sum as counsel fee in the order made." (*Lake* v. *Lake*, 128 App. Div. 934.)

*Edgar T. Brackett* and *Charles O. Pratt* for appellant. It was error to make an allowance for counsel fees on this motion. (*Beadleston* v. *Beadleston*, 103 N. Y. 402; *Straus* v. *Straus*, 67 Hun, 491; *Mercer* v. *Mercer*, 73 Hun, 192; *Collins* v. *Collins*, 80 N. Y. 1; *Poillan* v. *Poillan*, 75 App. Div. 536; *McCarthy* v. *McCarthy*, 137 N. Y. 500; *McBride* v. *McBride*, 119 N. Y. 519; *Kamp* v. *Kamp*, 59 N. Y. 212; *Erkenbrach* v. *Erkenbrach*, 96 N. Y. 456; *Walker* v. *Walker*, 155 N. Y. 77.)

*Danforth E. Ainsworth* and *Amasa J. Parker* for respond-ent. The court had power to allow a counsel fee, and the allowance made was fairly within the discretion of the court. (*McBride* v. *McBride*, 119 N. Y. 519; *Ex parte Smith*, 34 Ala. 455.) Independent of its statutory power to grant to the wife an allowance for her maintenance and expenses pend-ing an action for divorce (Code Civ. Pro. § 1769), the court has original jurisdiction and authority to grant to her such an allowance upon her application to modify or vacate a judg-ment fraudulently obtained, severing the marital relation. (*North* v. *North*, 1 Barb. Ch. 241; *Higgins* v. *Sharp*, 164 N. Y. 4; *Anonymous*, 15 Abb. Pr. [N. S.] 307; *Jones* v. *Brinsmade*, 183 N. Y. 268; *Griffin* v. *Griffin*, 47 N. Y. 134.)

CHASE, J. The power of the court to require a husband to pay a sum of money to his wife to enable her to carry on or

defend an action between them affecting the marriage relation is either derived from the statute (Code Civil Procedure, § 1769) or it is incidental to the statutory jurisdiction to entertain such actions. (*Jones* v. *Brinsmade*, 183 N. Y. 258.) Said section 1769 provides that " Where an action is brought, as prescribed in either of the last two articles, (for divorce or for a separation) the court may, in its discretion, during the pendency thereof, from time to time, make and modify an order or orders, requiring the husband to pay any sum or sums of money necessary to enable the wife to carry on or defend the action, * * * having regard to the circumstances of the respective parties * * * ." In either case the power of the court to make such an allowance is dependent upon the necessity therefor. (*Collins* v. *Collins*, 80 N. Y. 1; *S. C.*, 71 N. Y. 269; *Poillon* v. *Poillon*, 75 App. Div. 536; *Osgood* v. *Osgood*, 2 Paige, 621; *Rose* v. *Rose*, 11 Paige, 166; *McCarthy* v. *McCarthy*, 137 N. Y. 500; *Atherton* v. *Atherton*, 82 Hun, 179.)

On the first appeal to this court in the *Collins* case it was said that " Where the facts are such that, on general principles of equity, a plaintiff is not entitled to demand alimony, the question becomes one of law, reviewable in this court." (P. 271.) (See *Jones* v. *Brinsmade, supra.*) On the second appeal to this court in that case it was said that " The fact that a wife is destitute of means to carry on her suit and to support herself during its pendency is as essential as any other fact, to authorize the court to award temporary alimony. This is not mere matter of discretion, but a settled principle of equity." (P. 13.)

In *Osgood* v. *Osgood* the court in substance say that if the wife has in her hands property sufficient to pay the expense of the suit the husband should not be called upon personally to advance anything more until that is exhausted; and in *Rose* v. *Rose*, where it appeared in an action by the wife against her husband that he had by voluntary arrangement between them secured to her one-half of his property for the use of herself and two children, it was held that she was not

entitled to an allowance for alimony or for the purpose of carrying on the suit until she either surrendered or offered to surrender the voluntary settlement made upon her by her husband.

When the wife in a matrimonial action asks the court for an allowance for counsel fees, the burden is upon her to establish the facts which entitle her to it. If a wife has money under her control which she is entitled to use sufficient to carry on or defend such an action the settled principles of equity will not permit the court to direct the husband to pay to her any further sum of money pursuant to an order. The necessity for the payment to enable her to carry on or defend the action is an essential legal basis for the order The plaintiff on this motion does not allege that it is necessary that she should be allowed a counsel fee to enable her to proceed with the motion and there are no facts alleged by her from which such a conclusion can be drawn. She has intentionally or otherwise omitted any statement specially relating to that subject. Her only reference to her property and income is in a paragraph in her petition in which she states that the personal property transferred to her by her husband pursuant to the agreement mentioned does not exceed in value the sum of $100, and she then further alleges : " That aside from said furniture and the $2,000 provided by said agreement and the $10 per month directed to be paid by the defendant for the support, maintenance, care, medical attention and necessary expenses of the infant child Helen, which is entirely insufficient as deponent has ascertained by actual experience in connection therewith, deponent has no means of support for herself or said infant, and as a means of livelihood is now engaged in carrying on a boarding house in the village of Salem, N. Y."

The statements mentioned were made in connection with her claim· that the amount allowed to her in the agreement with her husband was insufficient. Whether the proceeds of her boarding house gives to her a surplus income does not appear. She has in her possession the $2,000. If she suc-

ceeds in setting aside the decree of divorce and agreement she will, nevertheless, so far as appears, continue to have in her possession $2,000 of the defendant's money. If she should pay counsel fees therefrom, and succeed in vacating the judgment, the court would protect her in the reasonable use of such money. If she should not succeed in vacating the judgment and agreement, the money used from such $2,000 would have been rightfully used by her from her own property. This application is wholly within her control, and if the defendant should pay her the amount as provided by the order there is nothing to prevent her abandoning the motion immediately thereafter. The record does not show any necessity for the order sufficient as matter of law to uphold it.

There is another reason why the order for counsel fees should not have been made. Such an order must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties there is no basis for the order. Even in an action brought by the wife to annul a marriage upon a cause which goes to the legality of the marriage originally, the allegations of the wife will be taken against her as true, and an allowance to her to maintain the action will be denied. (*Jones* v. *Brinsmade, supra.*) The final judgment in this case wholly separates the parties and dissolves the relation of husband and wife, and it has been entered and no appeal has been taken therefrom. The action is not pending. We may assume, perhaps, that if a motion is made in an action to set aside a judgment entered therein by reason of some irregularity or fraud affecting the jurisdiction of the court over the parties or the subject-matter, that the incidental power of the court over matrimonial actions and parties might, when a necessity therefor is shown, justify an order for counsel fees. In such a case a wife could consistently insist that the marriage relation had not been dissolved. Where a judgment is absolutely void for want of jurisdiction it is a form merely and does not affect the substantial relation between the parties. The facts dis-

closed on this motion do not admit of a claim on the part of the plaintiff that she is now the wife of the defendant. The court had jurisdiction of the parties and of the subject-matter and the judgment entered is not void but binding upon the parties and upon the court so long as it remains undisturbed. The application of the plaintiff to have the judgment set aside can only be granted if at all by reason of a fraud wholly apart from anything relating to the jurisdiction of the court but simply relating to the inducement which led the plaintiff to bring the action. It is not a case that comes within the language of the statutory provision relating to counsel fees and the relation of husband and wife being wholly severed the court has no inherent jurisdiction to award counsel fees as an incident to its general statutory jurisdiction in matrimonial actions.

The order, so far as appealed from, should be reversed, and the question certified answered in the negative.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur.

Order reversed.