(63 Misc. Rep. 520.)

PHILLIPS v. PEACOCK.

(Supreme Court, Special Term, New York County. June 28, 1909.)

HUSBAND AND WIFE (§ 283*)—SEPARATION AGREEMENT—ALIMONY.

On an application by a trustee for a wife under a separation agreement, the court has no power to direct the payment of alimony in the amount provided in the agreement, or counsel fees.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1071; Dec. Dig. § 283.*]

Action by Lee Phillips, as trustee of Anna Peacock, against Oliver M. Peacock. Motion to compel defendant to pay alimony and counsel fees. Motion denied.

Alvin Cushing Cass, for the motion.
Wait & Foster, opposed.

GIEGERICH, J. The action in which this motion was made was brought by the plaintiff, as trustee in a separation agreement made between him and the defendant, and dated November 30, 1907. At the time of the making of the agreement an actual physical separation had already taken place between the husband and the wife, and there would seem to be no question as to the validity of the contract. The defendant paid $60 per month, as provided in the contract, until October, 1908. Since that time judgments have been recovered against him for various installments in five different actions, and four of the five judgments remain unpaid after execution issued and returned unsatisfied. By this motion the plaintiff, as trustee, seeks an order requiring the defendant to pay the said sum of $60 per month alimony, and a further sum of $150 counsel fees in the action, which is brought for the purpose of obtaining a decree directing the defendant to specifically perform the separation contract. The agreement contains the provision that:

"In the event that the income of the party of the first part [the husband] is increased or diminished, then the parties hereby agree to adjust the monthly payments to be paid hereunder upon the same basis."

In the opposing affidavits the defendant claims that his income has been greatly diminished since the making of the contract, but neither side asks to have any change made in the installment amount provided in the contract.

The first question presented, therefore, is whether, upon an application made by a trustee under the separation agreement, the court has any power to direct the payment of alimony in the amount provided in the agreement. I am clearly of the opinion that the court has no such power. The plaintiff admits that the case is a novel one, but relies upon Higgins v. Sharp, 164 N. Y. 4, 58 N. E. 9, Griffin v. Griffin, 47 N. Y. 134, and O'Dea v. O'Dea, 31 Hun, 441, to sustain his proposition that, notwithstanding the absence of any statutory provision authorizing the court to award alimony and counsel fee in such an action as this, nevertheless such power exists by virtue of the general

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

jurisdiction existing in the court. It is true that the courts have not construed their powers by a narrow reading of the language of section 1769 of the Code, which in terms applies to actions for divorce or separation properly so designated, but has extended that power to an action brought by the husband for the purpose of procuring a judgment declaring the marriage void ab initio. In such an action, in Higgins v. Sharp, supra, the Court of Appeals held that the general jurisdiction conferred by the statute to entertain actions to annul a marriage (Code, §§ 1742–1755) carries with it by implication every incidental power necessary to its proper exercise, and that, where a statute gives the court jurisdiction over a class of actions, it is not necessary that all the powers of the court or all the details of the procedure and practice should be specifically enumerated. It is equally true, on the other hand, however, that the jurisdiction of the court in all such cases rests upon an assertion by the wife of the marriage relation. Consequently, when the wife, as in Jones v. Brinsmade, 183 N. Y. 258, 76 N. E. 22, 3 L. R. A. (N. S.) 192, 111 Am. St. Rep. 746, asserts the nullity of the marriage because of the insanity of the husband at the time of the ceremony, she is not entitled to alimony or counsel fee. The status of the parties established by the decree of nullity necessarily relates back to the contract of marriage, and the rule that one who elects to rescind a contract can claim no benefit under it, debars the wife from claiming the rights of a wife under a valid marriage until the time a decree is rendered. So, too, in Lake v. Lake, 194 N. Y. 179, 87 N. E. 87, the principle is recognized that the power of the court to allow alimony or counsel fee must rest primarily upon the existence of the relation of husband and wife. There a decree of divorce had been entered upon suit brought by the wife. Later she petitioned the court to vacate and set aside the judgment, and that, in case it was not wholly vacated and set aside, it be modified so as to provide proper and suitable support for her and her child, and that she be granted a suitable counsel fee to cover the expenses of the application. She further stated that she had brought the action at the request of her husband, and contrary to her own wishes and desire, and under compulsion from him, by reason of her fear that she would lose all means of support through his threat to leave her and her child without any means of support unless she obtained a decree from him. There were further statements that she had been deceived by him as to the amount of his property, and by reason of such false statements had consented to a smaller financial provision than should have been made in her behalf in the decree. The court refused to allow a counsel fee, upon the ground that the relation of husband and wife had been terminated by the decree, which was valid until set aside; the objections made to it not going to the jurisdiction of the court, but relating only to the inducement which led the plaintiff to bring the action.

There is one controlling point of difference which distinguishes the present case from the cases relied upon by the plaintiff and from all cases, so far as I have been able to find, where the court has allowed alimony and counsel fee. In all such cases the wife, in whose favor

such allowances have been made, has come into court standing upon her rights as a wife and asked for means to maintain them and for support. In this case she does not appear as a wife. She does not even appear at all as a party; but her trustee, who has made an agreement at arm's length with the husband, comes into court insisting upon the letter of that contract and seeking at the same time to claim the benefits which are provided for a wife. If the wife were bringing an action herself for the purpose of setting aside the agreement, or ignoring it and electing to stand upon her rights as a wife, a different case would be presented; but I am satisfied that she should be required to proceed consistently upon one theory or the other—either to stand upon her matrimonial rights, with the advantages that appertain to that relation, or to stand upon her contract rights, as any person who has made a contract with another, and forego the advantages of the matrimonial relation. The view which I take that this is not a matrimonial action in the correct sense of the word, and that the court has no power to grant any alimony or counsel fee, renders it unnecessary, of course, to consider the question of the husband's present financial condition.

Motion denied, without costs.