(140 App. Div. 309.)

## DYE v. DYE.

(Supreme Court, Appellate Division, First Department.   October 21, 1910.)

1. MARRIAGE (§ 54*)—VALIDITY.
    The marriage of a woman divorced and prohibited from marrying during her husband's lifetime to a man having a lawful wife is void ab initio.
    [Ed. Note.—For other cases, see Marriage, Cent. Dig. §§ 93–109; Dec. Dig. § 54.*]

2. DIVORCE (§§ 213, 225*)—ALIMONY—COUNSEL FEES.
    Where a marriage was void ab initio, a wife, suing for divorce, was not entitled to counsel fees or temporary alimony; she knowing of the invalidity of the marriage.
    [Ed. Note.—For other cases, see Divorce, Dec. Dig. §§ 213, 225.*]

3. DIVORCE (§§ 214, 226*)—COUNSEL FEES—ALIMONY—BURDEN OF PROOF.
    Where an application is made for counsel fees and alimony pendente lite, the burden is on the moving party to establish the facts entitling her thereto; and if there appears no probability that she will succeed in the action the application should be denied.
    [Ed. Note.—For other cases, see Divorce, Cent. Dig. §§ 630, 652; Dec. Dig. §§ 214, 226.*]

Appeal from Special Term, New York County.

Divorce action by Susan Elson Dye against Joseph Ernest Dye. From an order awarding plaintiff a counsel fee and alimony pendente lite, defendant appeals.   Reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

William A. Boyd, for appellant.
Albert J. Graeffe, for respondent.

McLAUGHLIN, J.   Plaintiff brings this action for a divorce, alleging that she was married to the defendant at Jersey City, N. J., on the 13th of June, 1867.   He appeals from an order awarding her $250 counsel fee and $15 a week alimony during the pendency of the action.

The facts are not disputed that the plaintiff, prior to her alleged marriage to the defendant, was married to one Dukehart; that he brought an action against her in the Supreme Court of this state for divorce on the ground of her misconduct with the defendant in the present action, and on the 23d of October, 1865, recovered a judgment dissolving the marriage and forbidding her to again marry during his lifetime; and that he died in November, 1886.   The papers used upon the motion also show that the defendant in this action, in 1863, married one Martha M. Spencer, who left him in 1865, and who died in 1883, never having been divorced.   When the plaintiff's acquaintance with the defendant commenced, in 1864 or 1865, he was living with his wife.   It is obvious from the plaintiff's own affidavits that she knew they were married, and had no reason to believe, and did not believe, they were not lawfully married, and, so far as appears, there was no ground for her believing, two years later, that

the defendant's wife was dead, or that he was free to marry again. Indeed, she does not deny that she then knew that Martha M. Spencer was alive. All she claims is that the defendant told her he was free to marry again, and she believed him.

At the time of the plaintiff's alleged marriage to the defendant, therefore, she was prohibited from marrying by a judgment of this court obtained only two years before, and the defendant had a lawful wife, which fact must have been known to the plaintiff. Under such circumstances the alleged marriage to the defendant was void ab initio. Stokes v. Stokes, 198 N. Y. 301, 91 N. E. 793. And, that being so, the parties did not become husband and wife, and there was no basis whatever for the order appealed from. Lake v. Lake, 194 N. Y. 179, 87 N. E. 87; Jones v. Brinsmade, 183 N. Y. 258, 76 N. E. 22, 3 L. R. A. (N. S.) 192, 111 Am. St. Rep. 746.

An attempt was apparently made in the affidavits presented upon the motion to prove a common-law marriage by showing that the parties continued to live together as husband and wife after the death of the plaintiff's husband and defendant's wife. The complaint, however, alleges only the ceremonial marriage, and it is significant, as bearing upon the relation between the parties, that they separated and have not been living together since 1898.

Where an application is made for counsel fee and alimony pendente lite, the burden is upon the moving party to establish the facts which entitle her thereto. Lake v. Lake, supra. If there appears no probability that she will succeed in the action, the application should be denied. Desbrough v. Desbrough, 29 Hun, 592. In the present case the plaintiff failed to sustain this burden, and from the facts presented there appears no probability that she will succeed in the action.

The order appealed from, therefore, is reversed, with $10 costs and disbursements and the motion denied, with $10 costs. All concur.