WATERMAN v. WATERMAN.

(Supreme Court, Appellate Division, Third Department.   November 15, 1911.) ·

DIVORCE (§ 227*)—ACTION FOR SEPARATION—ALLOWANCE OF COUNSEL FEES TO WIFE.

Code Civ. Proc. § 1769, authorizing the court, in an action for separation, to require the husband to pay the wife money necessary to prosecute or defend the action, and to provide for the children and the support of the wife, gives to the court a broad discretion, and where the income and property of a wife, suing for separation, can barely supply her in accordance with her method of living before and after marriage and in view of her social position, the court does not abuse its discretion in requiring her husband to pay $500 counsel fees, though the income and property would support the average woman and enable her to prosecute the action.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 227.*]

Appeal from Special Term, Hudson County.

Action by Grace E. Van A. Waterman against Theodore H. Waterman. From the part of an order which allows plaintiff $500 counsel fees in an action for separation, defendant appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, SEWELL, BETTS, and HOUGHTON, JJ.

William E. Woollard, for appellant.

Charles J. Buchanan (Sherman A. Murphy, of counsel), for respondent.

JOHN M. KELLOGG, J.   The appeal is based upon the theory that, the plaintiff having ample means of her own, the court has not power in an action for separation to grant her counsel fees; and Lake v. Lake, 194 N. Y. 179, 87 N. E. 87, is relied upon as sustaining that contention. The affidavits disagree as to the means and income of the parties; but we must assume that the court, in exercising its discretion, has found the facts favorable to the plaintiff. We may therefore assume that the plaintiff has an income from her father's estate of $150 per month. Upon her death the fund from which the income is derived goes to her children. She also has an income from securities owned by her amounting to $500 or $600 a year. The

---

husband is the owner of real estate assessed at $140,000, is engaged in the grain business, has a large business and a large income, and maintains two automobiles. When living together and maintaining the family in the family residence, the family expenses were nearly $15,000 per year. The plaintiff is a woman of refinement and of high social position, and has been accustomed all of her life, both before and during her marriage, to a standard of living which she cannot sustain on the income which she receives. She has been accustomed to the services of several servants and to living in a large and well-furnished house. The defendant's answer, by an alleged counterclaim, alleges misconduct against the plaintiff, and asks a judgment of separation from her. The plaintiff is therefore before the court to prosecute her action and to defend against the alleged cause of action against her.

In granting the order the court must have determined, within the Lake Case, that the allowance was necessary to enable the plaintiff to prosecute or defend the action. Under section 1769, Code of Civil Procedure, in addition to the moneys necessary to prosecute or defend the action, the defendant may be required to provide suitably for the children and for the support of the wife, "having regard to the circumstances of the respective parties." A broad discretion is left with the Special Term. The income and property of the plaintiff is such that the average woman would not find it necessary to have other provision made to her to enable her to prosecute such action. But the facts show that the plaintiff can barely live upon what she gets; that her method of living, both before and after marriage, has surrounded her with such necessities that her income is not as large, having regard to her circumstances and surroundings, as it would at first sight seem to be. The parties apparently are of high social standing, and have lived during their married life as people having large means, and in order to prosecute her action the Special Term may have properly considered that it was not necessary for the plaintiff to change the manner in which she had lived before and during her marriage. We cannot, therefore, say that it was abuse of discretion to grant the allowance.

Under all the circumstances, considering the means and standing of the parties, we cannot say that the allowance is improper, or that the Special Term abused its discretion in determining that it was necessary for the plaintiff, in order to prosecute her action and to defend against the alleged cause of action of the defendant.

The order is therefore affirmed, with costs. All concur.