## EARLE v. EARLE.

(Supreme Court, Appellate Division, Second Department. December 21, 1911.)

DIVORCE (§ 198*)—APPLICATION FOR COUNSEL FEES—EVIDENCE.
　　Plaintiff, in an action for absolute divorce, applied for an allowance for counsel fees on an affidavit that she possessed no property except the income of a trust of $15,000. Defendant alleged that plaintiff also had the income of another trust fund of $10,250.19, and was entitled to receive from her father's estate $2,914.24 as accumulated income under a surrogate's decree, and owned an undivided half interest in real estate valued in 1907 at $36,000 for taxation purposes, which allegations plaintiff did not deny. Held, that plaintiff was not entitled to any allowance for counsel fees.

　　[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 584; Dec. Dig. § 198.*]

Appeal from Special Term, Kings County.

Action by Helen Hicks Earle against Charles Earle for divorce. From an order granting an allowance for counsel fees, defendant appeals. Reversed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Carlisle Norwood, for appellant.
James Forrester, for respondent.

PER CURIAM. This is an appeal from an order granting a counsel fee of $350 to the plaintiff in an action for an absolute divorce. The plaintiff swears that she is "possessed of no property whatever,

except that she receives the income of a trust fund of $15,000, given to her under her father's will, and aside from this she has no income whatsoever, except such as her mother may give her out of charity." The defendant answers this statement by showing that the plaintiff has also the income of a trust fund of $10,250.19, and was entitled to receive from her father's estate the sum of $2,914.24 as accumulated income under a surrogate's decree, dated October 15, 1910, and, in addition, that she was apparently seised of an undivided one-half interest in real property in Nassau county which was valued in 1907 at the sum of $36,000 for tax purposes. The plaintiff submitted no further affidavit answering or explaining this statement of alleged facts. Under these circumstances, no counsel fee should have been allowed, as there was no sufficient proof of its necessity. Lake v. Lake, 194 N. Y. 179, 87 N. E. 87.

The order should be reversed and the motion for a counsel fee denied, without prejudice to a renewal of the motion on further facts.