JAMES H. BRAND, Appellant, v. FRANCES HANAN BRAND, Respondent.

First Department, July 13, 1917.

**Husband and wife — annulment of marriage — temporary alimony and counsel fees.**

The allowance of temporary alimony and counsel fees to the wife in an action to annul a marriage is to be determined, not alone by the husband's means, but by the wife's necessities. Thus, where it appears that the wife has an ample income of her own her motion for alimony and counsel fees should be denied.

APPEAL by the plaintiff, James H. Brand, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New

York on the 24th day of March, 1917, granting defendant's motion for alimony *pendente lite* and counsel fee.

Sidney J. Loeb, for the appellant.

Henry J. Goldsmith, for the respondent.

SCOTT, J.:

The action is for the annulment of a marriage on the ground of the fraudulent concealment by the defendant of certain incidents in her life of such a nature as to justify the belief that if the circumstances had been known to plaintiff no marriage would have taken place. The defendant, rather unconvincingly, denies the truth of the charges made against her, and appears to place her chief reliance upon the separate defenses that the court has no jurisdiction of the action, and that plaintiff cohabited with her after he had learned the facts upon which he claims annulment. She also counter-claims and asks for a judgment of separation by reason of plaintiff's alleged cruelty.

The application for alimony was based upon defendant's estimate of plaintiff's means and resources founded in the main upon a statement of the expenses incurred by the parties while they lived together. The plaintiff's affidavit tends to show that defendant has over-estimated his means.

The important feature of the case, however, is that plaintiff shows that defendant has a settled income of no mean proportions, and has, or at least had not many months ago, a considerable sum of money in hand. If these allegations are true, and they are wholly undenied, defendant is in no need of either alimony or counsel fee to enable her to defend the action and support herself while it is pending. Under these circumstances no case was made out for an allowance of alimony *pendente lite* or of a counsel fee. (*Collins* v. *Collins*, 80 N. Y. 1; *Lake* v. *Lake*, 194 id. 179; *Earle* v. *Earle*, 147 App. Div. 930.) Many other cases might be cited to the same effect, all of which are authority for the proposition that an allowance for temporary alimony and a counsel fee is to be determined not alone by the husband's means but by the wife's necessities. If there be no necessity there should be no allowance.

The order appealed from must, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with leave, however, to defendant to renew the application, if so advised, upon other papers.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with leave to defendant to renew application upon other papers.