ROSA SAWYER, Plaintiff, *v*. JAMES SAWYER, Defendant.

(Supreme Court, New York Special Term, August, 1919.)

Separation — action for — motions and orders — when motion for alimony and counsel fee denied.

> Where the defendant in an action for a separation earns $100 a month and it appears that plaintiff has nearly $1,400 in one bank and that about two weeks before the order to show cause on her application for alimony and counsel fee was signed, she withdrew nearly $450 from another bank, the motion will be denied but with leave to renew on a proper showing that she is destitute of means to carry on the suit and support herself during its pendency.

MOTION for temporary alimony and counsel fee in action for separation.

Wheaton, Leavelle & Marshall, for plaintiff.

David C. Outlear, for defendant.

LUCE, J. This is a motion for temporary alimony and counsel fee in an action for separation. In opposition to the motion for temporary alimony and counsel fee by the plaintiff wife, the defendant husband shows that the wife has an account in the Greenwich Savings Bank of $1,329.26. It also appears that plaintiff had an account in the Union Dime Savings Bank amounting to $443.53, which amount she withdrew from said bank on July 14, 1919. The order to show cause in this case was signed on July 29, 1919. Defendant asks that the motion for temporary alimony and counsel fee be denied, because it appears, without contradiction, that the plaintiff has adequate means to employ counsel and to support herself during the

pendency of the action. There is nothing in the papers before the court to contradict the showing made by the defendant that plaintiff has $1,329.26 on deposit to her credit in the Greenwich Savings Bank, and that up to July 14, 1919, she had $443.53 to her credit in the Union Dime Savings Bank. It appears that the defendant earns $100 a month as an employee of the post office department of the government. It was held in *Lake* v. *Lake,* 194 N. Y. 179, that the power of the court to require a husband to pay a sum of money to his wife to enable her to carry on or defend an action between them affecting the marriage relation is either derived from the statute (Code Civ. Pro. § 1769), or it is incidental to the statutory jurisdiction to entertain such actions. *Jones* v. *Brinsmade,* 183 N. Y. 258. The court then goes on to say in the *Lake* case: " In either case the power of the court to make such an allowance is dependent upon the necessity therefor (*Collins* v. *Collins,* 80 N. Y. 1) * * *." In the *Lake* case the court also cites with approval the rule laid down in *Collins* v. *Collins,* 80 N. Y. 1, namely: " The fact that a wife is destitute of means to carry on her suit and to support herself during its pendency is as essential as any other fact, to authorize the court to award temporary alimony. This is not mere matter of discretion, but a settled principle of equity." The court in the *Lake* case also says at page 184: " When the wife in a matrimonial action asks the court for an allowance for counsel fees, the burden is upon her to establish the facts which entitle her to it. If a wife has money under her control which she is entitled to use sufficient to carry on or defend such an action the settled principles of equity will not permit the court to direct the husband to pay to her any further sum of money pursuant to an order. The necessity for the payment to enable her to carry

on or defend the action is an essential legal basis for the order." In the recent case of *Brand* v. *Brand,* 178 App. Div. 822, decided by the first department, July, 1917, after going into this proposition of alimony *pendente lite* and of a counsel fee, and after citing *Lake* v. *Lake, supra, Collins* v. *Collins, supra,* and *Earle* v. *Earle,* 147 App. Div. 930, the court said: " Many other cases might be cited to the same effect, all of which are authority for the proposition that an allowance for temporary alimony and a counsel fee is to be determined not alone by the husband's means but by the wife's necessities. If there be no necessity there should be no allowance." As the papers in the case at bar do not show that the plaintiff is destitute of means to carry on her suit and to support herself during its pendency, but on the contrary, show that plaintiff has nearly $1,400 in one bank and had nearly $450 in another bank on July 14, 1919, the motion must be denied, with leave to plaintiff to renew her application on a proper showing that she is without means to carry on her suit and to support herself during its pendency.

Ordered accordingly.