### (May 31, 1940.)

MARY TRASK WOODWARD, Appellant, v. ORATOR FRANK WOODWARD, Respondent.
(Appeals Nos. 8698 and 8699.)

MARY TRASK WOODWARD, Respondent, v. ORATOR FRANK WOODWARD, Appellant.
(Appeal No. 8700.)

MARTIN, P. J. (dissenting in part). The plaintiff brings this action for a separation based upon the allegations of cruelty and desertion. The abandonment and many other important points were conceded during the course of a reference which was being held to determine the amount of a reasonable counsel fee. The referee expressed the opinion that he was unable to take into consideration the effect of these concessions on the fee to be awarded because of the form of the order of reference. Special Term confirmed the award of $30,000 counsel fee and $10,000 for expenses and disbursements as reported by the referee and obviously gave no consideration to the situation as it then stood, namely, that for the purposes of further procedure in the action, the plaintiff was undoubtedly entitled to a decree of separation subject to any question of law which might exist as to the validity of a Mexican decree of divorce. It seems quite obvious that a fee of $30,000 and $10,000 for disbursements and expenses is grossly excessive under the circumstances set out. It is true that these concessions were not made until after it was found necessary to send the question of the value of the services of plaintiff's counsel to a referee. But the expense of that reference has been assumed by the defendant and plaintiff will be sufficiently furnished with money to proceed with her case if she is awarded $7,500 for a counsel fee and $3,000 for expenses and disbursements.

It may be remarked in passing that the only possible justification for the size of this fee, even had there been no concessions, was that the defendant was a rich man and that plaintiff's trial counsel was a well-known lawyer. But the proposed

trial counsel is not the attorney of record. When a counsel fee is to be fixed on the basis of the eminence of counsel, what is referred to is the eminence of plaintiff's counsel of record. The trial counsel brought in by these counsel, who should themselves be able to handle a case of this sort without any assistance, is not the plaintiff's counsel in the ordinary sense of the word. So far as the record appears, the case is not unusual in any respect and no necessity was shown for the employment of extraordinarily expensive trial counsel. There should be the same law for the rich as for the poor. The fact that a rich man happens to be a defendant in a matrimonial action does not furnish justification for charging more than the nature of the case warrants.

The defendant cites numerous cases such as *Lake* v. *Lake* (194 N. Y. 179); *Goodale* v. *Goodale* (225 App. Div. 791); *Macchia* v. *Macchia* (243 id. 741), which hold that a wife is not entitled to counsel fees *pendente lite* when she is in funds and able to prosecute her own action. There is no question that this plaintiff was in sufficient funds to prosecute her action, but defendant in his brief does not ask that the motion for counsel fees and disbursements be denied entirely. He asks that the award be reduced. We must interpret this prayer for relief as carrying with it an acknowledgment that defendant prefers to have his duty in respect to a counsel fee fixed now rather than by plenary action after the termination of the proceedings. The position taken by defendant, however, carries with it necessarily an agreement to pay, if at all, out of his own funds. Because of his conduct he has forced his wife to undergo expenses which he must defray under the theory that these expenses are necessaries for the wife's proper support. It inevitably follows that whatever the amount finally determined to be due, such sum must be paid by the defendant personally and not by the consumption of part of the principal of the wife's trust funds. It was accordingly error to direct that any amount of money should be paid from these funds.

The orders in appeal No. 8698 should be modified in accordance with this opinion.

The appeal from the order in No. 8699 denying plaintiff's motion to vacate orders entered August 10, 1939, and August 19, 1939, should be dismissed as academic.

The order in appeal No. 8700 should be modified in accordance with this opinion.