ABIGAIL H. BISHOP, Respondent, v. JAMES C. BISHOP, Appellant.

First Department, July 2, 1924.

**Husband and wife — divorce — application to modify final judgment as to custody of child — counsel fees will not be allowed.**

Counsel fees will not be allowed to a wife on an application by her husband to modify the provisions in a final judgment of divorce relating to the custody of a child of the marriage.

APPEAL by the defendant, James C. Bishop, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of March, 1924, awarding the plaintiff the sum of $2,000 for her expenses and counsel fee to be incurred in carrying on the defense of an application made by said defendant to modify the final judgment herein and award to him the custody, care, education and

First Department, July, 1924. ·                    [Vol. 210

maintenance of Abigail Bishop, a daughter of the parties herein. (See *Bishop* v. *Taylor*, 210 App. Div. 1.)

*Pendleton, Anderson, Iselin & Riggs* [*Ellery O. Anderson* of counsel], for the appellant.

*Spitz & Bromberger* [*Henry W. Jessup* of counsel; *Edgar Bromberger* and *Ralph O. L. Fay* with him on the brief], for the respondent.

DOWLING, J.:

On December 6, 1913, a final decree of divorce was entered herein dissolving the marriage of the parties hereto and awarding the custody of the daughter Abigail to the plaintiff. Provision was made therein whereby either party might apply to the court upon proper proof for a modification of its provisions as to the custody of the children and also as to the alimony therein allowed to plaintiff. The provisions of the decree awarding to plaintiff the custody of Abigail Bishop, one of the children of the parties, have never been modified. In the year 1916 defendant it is claimed obtained possession of the infant and has ever since retained custody of her. On December 31, 1923, defendant obtained an order requiring plaintiff to show cause why the custody of Abigail should not be awarded to him. Plaintiff thereupon applied to the court for an allowance to cover her counsel fees and the expenses of the defense against the application. From the order granting such application the present appeal is taken.

We have here a case where a final judgment of divorce has been entered, dissolving the relation between the parties of husband and wife. The judgment is in full force and effect, no appeal has been taken therefrom and the marital relationship no longer exists. In *Lake* v. *Lake* (194 N. Y. 179, 185) Judge CHASE said: " There is another reason why the order for counsel fees should not have been made. Such an order must primarily rest upon the existence of the relation of husband and wife. Unless that relation is sustained by the parties there is no basis for the order. Even in an action brought by the wife to annul a marriage upon a cause which goes to the legality of the marriage originally, the allegations of the wife will be taken against her as true, and an allowance to her to maintain the action will be denied. (*Jones* v. *Brinsmade*, 183 N. Y. 258.) The final judgment in this case wholly separates the parties and dissolves the relation of husband and wife, and it has been entered and no appeal has been taken therefrom. The action is not pending."

And this court held in *Bishop* v. *Bishop* (165 App. Div. 954)

(the divorce action between these same parties) that " the court had no power to grant counsel fee after a final judgment dissolving the marriage." (Citing *Lake* v. *Lake, supra.*)

The class of cases in which it has been held that counsel fees will be allowed to a wife to take or defend an appeal from the judgment of divorce are not relevant to the question now under consideration, for obvious reasons.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.