In the Matter of the Estate of DAVID GLICKMAN, Deceased.

Surrogate's Court, Kings County, September 18, 1928.

**Husband and wife — divorce — alimony — foreign judgment of divorce granted alimony — husband failed to pay — estate is liable for alimony and interest thereon.**

The intestate's wife procured a divorce from him in Illinois in 1919 on a counterclaim interposed in an action by the intestate, and the Illinois court awarded the wife alimony, which the intestate failed to pay in full. The wife is now entitled to receive from the estate of the intestate the alimony remaining unpaid, together with interest thereon.

APPLICATION by administratrix to render and settle her account. On objection of Sarah H. Glickman, a creditor, objection sustained.

In 1919 David Glickman instituted a suit for divorce against Sarah H. Glickman in the State of Illinois. The defendant interposed a counterclaim for divorce, and after a trial the Illinois court dismissed the husband's complaint and sustained the wife's counterclaim.

By order of July 18, 1919, it was ordered and decreed by the Illinois court that David Glickman shall pay unto Sarah H. Glickman the sum of forty dollars each and every month commencing on July 18, 1919, as and for her alimony and maintenance. This alimony was not regularly paid by David Glickman. He died intestate in this State on October 3, 1926.

Sarah H. Glickman presented a claim to the administratrix for all unpaid alimony up to the date of David Glickman's death and also for interest on each installment of unpaid alimony. The administratrix allowed the claim for the alimony principal, but refused to allow the claim for interest thereon.

*Panken & Levy* [*Matthew M. Levy* of counsel], for Sarah H. Glickman.

*Louis Soll*, for the administratrix.

*Albert D. Schanzer*, special guardian.

WINGATE, S.    A judgment for alimony is a judgment rendered after a verdict or decision imposing a liability on the husband to pay a particular amount of money, and it does not abate until its purpose is accomplished any more than any other judgment for money. (*Carr* v. *Rischer*, 119 N. Y. 117; *Van Ness* v. *Ransom*, 215 id. 557.) It follows, therefore, that the claim for interest on unpaid alimony is a proper charge against the estate of the decedent and is allowed. The other objections were disposed of on the hearing. Submit decree on notice.