ANNA R. H. WRIGHT, Plaintiff, *v.* JOHN H. WRIGHT, Defendant.

Supreme Court, Rockland County, March 20, 1931.

*Davis, Wagner & Heater*, for the plaintiff.

*Hardy, Stancliffe & Hardy*, for the defendant.

TOMPKINS, J. This motion by the plaintiff is for an order directing the defendant (1) to pay interest on arrearages of alimony; (2) to pay plaintiff a counsel fee for services rendered since the date of the final decree of divorce herein, in proceedings to punish the defendant for contempt of court for failing to pay alimony and for the sequestration of the defendant's property, and (3) requiring the defendant to give an undertaking to secure the payment of alimony.

I think the first part of the motion should be granted and that the defendant should be required to pay interest on unpaid installments of alimony from the dates they became due to the time when payment shall be made. While I find no express authority for such an order, it seems to me only reasonable that the defendant should pay interest on past due installments of alimony inasmuch as he has had the use of such moneys during the periods when, under the terms of the decree, the plaintiff was entitled to their use and benefit.

Counsel for the plaintiff cites no authority, and I can find none, authorizing an allowance of counsel fee for services rendered the plaintiff after the date of the final decree dissolving her marriage with the defendant. The cases seem to hold to the contrary, the rule being that counsel fees can only be allowed to a wife for the defense or prosecution of a matrimonial action prior to a final decree dissolving the marriage, or for the services of counsel on an appeal from such a decree. After a final decree dissolving the matrimonial relation of the parties from which no appeal is taken, there can be no allowance to the wife for the subsequent services of counsel for the reason that the status of husband and wife no longer exists. (*McQuien* v. *McQuien,* 61 How. Pr. 280; *Bishop* v. *Bishop,* 165 App. Div. 954; *Lake* v. *Lake,* 194 N. Y. 179; *Bishop* v. *Bishop,* 210 App. Div. 3; *Fisher* v. *Fisher,* 223 id. 19.)

The only statutory provision for an undertaking to secure the payment of alimony is found in section 1171 of the Civil Practice Act, but it seems to me that that contemplates security in the form of an undertaking in a proper case only prior to or in the absence of a sequestration proceeding. In this case the defendant's property has been sequestered and a receiver thereof has been appointed who has qualified and is now acting as such receiver, and the papers on this motion show that he has made a demand of the defendant for possession of his personal property and the income from real estate which it is claimed the defendant has fraudulently conveyed to his present wife.

In these circumstances, it seems to me that the court is without power to require the defendant to furnish an undertaking. Motion granted with respect to interest on unpaid installments of alimony, and in other respects denied, without costs.