Matthew M. Levy, J.
In 1929, Jean Ferris d’Espinay, by a trust agreement amended in 1931, caused to be set aside the sum of $125,000 to be distributed, free of all duties and taxes, to and among such persons as she might name or appoint in her will or in a codicil thereto. Josephine Grove was among those appointed in a codicil to the last testament of the settlor to share to the extent of $25,000 in that fund. The settlor died on September 19,1941, on which date it was claimed by Grove that the sum of $25,000 became, due and payable to her. Because questions arose as to the validity of the trust agreement and of the codicil, litigation ensued. It was not until April, 1951, that the trust and codicil were upheld, by a decision then rendered by the Court of Appeals (302 N. Y. 752). Thus, Grove as such appointee became entitled to the receipt of $25,000, but payment was not immediately made by the trustee because of other problems.
The settlor’s codicil had provided that the appointed sums were subject to prorata abatement should said sums “ together with duties payable thereon ” exceed $125,000. The question of abatement, therefore, could not be resolved until the final amount of estate taxes, with penalties and interest thereon, had been determined. Such final determination was made in December, 1951. A further question remained as to whether two of the appointees were in the employ of the settlor at the time of her death and were thus entitled to receive the appointed sums under the conditions imposed by the settlor’s codicil. By arrangement, payment was made to Grove, on April 22, 1952, of one half of the sum appointed to her, the matter of the interest thereon due to her being deferred. A final order was entered at Special Term upon the accounting on September 22, 1954, which determined, among other things, that interest should be paid “ on each such appointed sum [including that to which Grove was entitled] from September 19, 1941, to the dates of payment at the rate earned by the trust fund during the *729 respective default periods.” On January 10, 1955, the second and final payment of the principal of the appointed sum was, pursuant to arrangement, made to Grove, and, again, payment of interest was reserved and deferred.
Together with other appointees, Grove appealed from the Special Term order on the ground that the rate of interest should have been fixed at 6% per annum. The order of Special Term provided that payment of the trust principal appointed sums was to be made ‘ ‘ together with interest on each such appointed sum from September 19,1941, to the dates of payment at the rate earned by the trust fund.” The order was affirmed on December 20, 1955 (286 App. Div. 7j94), and the order of affirmance of the Appellate Division was affirmed in the Court of Appeals in May, 1957 (3 N Y 2d 70).
It appears that, as of April 22, 1952, the accrued earned interest on the first payment made to Grove on that date was at the rate of 2.824375% from September 19,1941, or $3,736.44, and for the period from September 19, 1941 to October 10, 1955, on which date the second principal payment was made to Grove, the earned interest at the same rate was computed at $4,707.33, making a total interest accrued of $8,443.77. No payment on account of interest had been made to Grove, who died on March 16,1956, or to her estate.
By this application, Grove’s executor seeks a direction for payment of this interest item of $8,443.77, and, in addition, of interest at the stated rate of 2.824375% on the respective unpaid amounts of interest earned from April 22,1952 and from January 10,1955 (the dates of the principal payments) or from September 22, 1954 (the date of the final order). It is alleged that the trustee has refused payment of any interest with respect to the first principal payment after April 22, 1952, and with respect to the second principal payment after January 10, 1955, or from September 22, 1954, when the decree on the accounting was entered. Payment of the interest items totaling $8,443.77, is consented to by the trustee, but payment of the earned interest on that sum is objected to.
The motion is made in pursuance of sections 205 and 206-a of the Surrogate’s Court Act. While it is plain, on their own basis, that these statutes are not applicable in the Supreme Court, that does not negate Grove’s rights in the premises if rights to the interest she has. I shall therefore consider the application on the merits.
It is urged by the trustee in opposition to the application that the issue as to interest was already before the courts, that that *730 issue has been determined, and that in that adjudication it was decided that interest is payable in the conceded sum and only for the period up to the time of each payment of principal. My examination of the record in this court and on the appeals does not lead me to agree with the trustee’s contention. There are two phases in which “ interest ” came into question in this case. The first phase concerns interest before final order, decree or judgment, and may be likened to section 480 of the Civil Practice Act. The second phase concerns interest after final order, decree or judgment and may be likened to section 481 of the Civil Practice Act. (Brady v. Mayor, 14 App. Div. 152.) Heretofore, Grove pursued her remedy under the first phase, and it was this only that was decided by the courts. It was held that, as of the date of death of the settlor, the beneficiary was entitled to the appointed sum, plus interest thereon at the rate earned by it until the payment. That the movant challenged the rate of interest and that the trustee prevailed on that issue does not dispose of the second phase in which “interest” becomes an issue. The determinations of Special Term, of the Appellate Division (286 App. Div. 794) and of the Court of Appeals (3 N Y 2d 70) make no reference to that second issue.
True, the order of Special Term, which was affirmed on appeal, directed the payment of the appointed principal sums of the trust, with interest to the dates of payment thereof. And, insofar as any contention is raised concerning the meaning of the words “ to the dates of payment ” — as to whether they refer to the dates when installments of principal were paid or the date when the earned interest thereon is actually paid — it seems to me that the date referred to must be construed in the light of the issue at the time. The battle was fought then by the beneficiaries on the issue of whether or not there should be a fixed rate of interest, irrespective of earnings on the trust fund. It is now, however, being waged on the issue of the source and amount of the fund on which earnings were had and therefore payable over. It is my opinion that, when any sum was not paid out of the trust fund, principal or interest, but was longer retained and continued to earn income, payment of the additional increment thereon also became due to the beneficiary. This would not result in the payment of ‘ ‘ interest on interest ’ ’ in the sense that this is generally verb oten in our law, but rather of “ interest earned ’ ’ by the fund — and, in my view, it makes no difference that the fund was composed of the original appointed principal sum or of interest earned on that sum or both. As long ago as 1927, Chief Judge Carpozo noted that “ one marks a growing *731 tendency to make interest an incident where it might once have been excluded [citing cases]. How far the tendency shall be carried is not before us now ” (Prager v. New Jersey Fidelity & Plate Glass Ins. Co., 245 N. Y. 1, 7). I cannot see that the tendency adverted to should be relaxed in the circumstances of the instant case.
Indeed, under section 481 of the Civil Practice Act, normal interest would ordinarily be payable on the principal due and on the interest thereon as computed from the date the principal became due to the date of the entry of the order or the judgment fixing the total due. In other words, interest is payable on the total sum due under the order or the judgment, which total may itself be made up of the principal and of interest thereon. That, in this case, the order was not in such form as to permit the docketing of a judgment thereon for its enforcement is not conclusive on the issue as to whether earned interest is or is not recoverable on the unpaid interest due. A final order was signed on September 22, 1954, directing payment of a certain sum with interest at the rate earned by the trust fund during the default period. I take it that this adjudication is in the nature of a judgment which is entitled to bear with it any earned interest from the date of entry (cf. Matter of East Riv. Land Co., 206 N. Y. 545; Matter of Noe, 178 N. Y. S. 774).
It is urged by the trustee that the delays in the payments were beyond its control. That is probably true; although it were perhaps better to recognize here (as did Circuit Judge Lumbard, dissenting in Powers v. New York Central R. R. Co., 251 F. 2d 813, 818) that “ these processes were called forth by both parties, and any delay was attributable to both ’ ’. There is no attempt in the case at bar to charge the trustee personally with any interest or to charge the full rate of normal interest. There is no claim here that the failure of the trustee in its duty was willful, or characterized by bad faith, where in such case the highest rate of permissible interest could be imposed. But where good faith and honest mistake concur, the rate of interest rests in a discretion that permits the consideration of all the circumstances, so that substantial justice can be done to the cestui que trust by allowing a less rate. The fact that the trustee here was not at fault may be considered only in mitigation of the penalty attached to the failure to pay and upon whom such penalty should be levied. But it does not follow that the earnings of the fund are not expected to follow the fund.
*732 In Bogert on Law of Trusts and Trustees (ch. 41) it is said that the beneficiary might sue at law for moneys had and received or he might pursue his rights in equity to have the trustee turn over his property to him. In law, the beneficiary could ordinarily ‘ ‘ insist on receiving interest at the rate of six per cent thereon, unless the right thereto is affected or modified by some fact or consideration, not appearing in the judgment itself ”. (Persons v. Gardner, 122 App. Div. 167, 170.) But, in equity, interest and the amount thereof are discretionary with the court. (King v. Talbot, 40 N. Y. 76, 95.) And the movant is here seeking no more than to invoke the discretionary powers of the court (Frey Realty Co. v. Ten W. 46th St. Corp., 1 Misc 2d 371). He does not ask full legal interest on the unpaid increments. In effect, he treats the items of interest due and accrued upon the two payments up to the time of each payment thereof as principal and accordingly demands interest thereon to date at the earned rate.
Failure of payment to the movant of the disputed portions of the demanded interest will result, not in benefit to the trustee, but in increasing by that extent the amounts to be received by the remaindermen under the will. As there is no question that the money on hand and not paid (whether denominated principal or earned interest) was and is now accumulating interest, it seems to me inequitable that the remaindermen should receive the benefit of any income earned on these sums unless it is clear in the trust agreement, the will or the codicil that that was the decedent’s intention. I do not so find it.
The motion is granted to the extent consented to and to the further extent of holding that the petitioner is entitled to the remainder of the fund under the order of September 22, 1954, plus interest at the rate realized on such amount while it was on deposit until payment is made thereon, viz., interest on $3,736.44 from April 22, 1952 and on $4,707.33 from January 10, 1955. There is, however, no proof before me as to the average rate of return of the trust fund since 1951. Without a detailed computation, the trustee says that it is unable to determine whether the rate is greater or less than 2.824375%, which is the accepted rate for the earnings of the prior years. Unless stipulated by the parties, the rate of such interest is to be computed by the trustee and the amount thereof is to be specified in the order to be settled hereon.