Arthur G. Klein, J.
The interesting question presented by this fourfold motion for a judgment for accrued arrears in alimony, and ancillary relief, is whether, on such a motion, the plaintiff wife is entitled to interest on the arrears from the time they accrued.
*702 Notice of this motion was personally served on the defendant in Texas, and he has defaulted.
Although the motion is not opposed,.it is felt that the question is of .sufficient importance to warrant enunciation of the principles involved.
The motion seeks (1) leave to enter the judgment, in the sum of $12,159.56 (accrued at the rate of $15 per week), together with (2) interest computed in the sum of $6,716.42, making a total of $18,875.98; (3) an order directing the defendant to furnish a bond; (4) counsel fees on this motion.
1. We begin with the proposition that once in personam jurisdiction is acquired by the court, jurisdiction is retained in the case for all purposes. (Leman v. Krentler-Arnold Co., 284 U. S. 448, 454 [1932].) Personal service upon the defendant in Texas is, therefore, sufficient notice to apprise him of the instant proceeding, and accordingly there is no doubt as to the wife’s right to judgment for the accrued arrears.
2. While neither section 244 of the Domestic Relations Law nor its predecessor, section 1171-b of the Civil Practice Act, provides a guide on the subject of plaintiff’s right to interest, the cases indicate an affirmative answer.
Said Wingate, S., in Matter of Glickman (132 Misc. 785, 786 [Surrogate’s Ct., Kings County, 1928]):
“A judgment for alimony is a judgment rendered after a verdict or decision imposing a liability on the husband to pay a particular amount of money, and it does not abate until its purpose is accomplished any more than any other judgment for money. * * * It follows, therefore, that the claim for interest on unpaid alimony is a proper charge against the estate of the decedent and is allowed.
“ I think * * * the defendant should be required to pay interest on unpaid, installments of alimony from the dates they become due to the time when payment shall be made. While I find no express authority for such an order, it seems to me only reasonable that the defendant should pay interest on past due instalments of alimony inasmuch as he has had the use of such moneys during the periods when, under the terms of the decree, the plaintiff was entitled to their use and benefit.” (Tompkins, J., in Wright v. Wright, 139 Misc. 423 [Supreme Ct., Rockland County, 1931].) (See, to the same effect, ann., 33 ALR 2d 1455, 1456-1457.)
) Accordingly, interest will be allowed on the arrears as requested in the order to show cause.
3. Even though the defendant is out of the State, and normally a court will not issue an unenforcible order, a direction *703 in matrimonial action to furnish security is within the power and the discretion of the court. (Burstein v. Burstein, 12 Misc 2d 521, 523-524 [Supreme Ct., Bronx County, 1956, per Greenberg, J.], affd. 2 A D 2d 879 [1st Dept., 1956]; 20 N. Y. Jur., Equity, §§ 15, 98.)
In view of the long lapse in payments pursuant to the judgment of this court, and the defendant’s apparent indifference, this branch of the motion is likewise granted.
4. The application for counsel fees is granted. (Fox v. Fox, 263 N. Y. 68 [1933].) The holding to the contrary in Lake v. Lake (194 N. Y. 179 [1909], cf. Wright v. Wright, 139 Misc. 423, 424, supra), based on the lack of power in the court to grant counsel fees after the marriage has been severed by divorce, has been superseded by the 1925 amendment to section 1170 of the Civil Practice Act (L. 1925, ch. 240, now Domestic Relations Law, § 236).
Counsel fees are fixed at $150.