Nauette Dembitz, J.
Respondent’s payment of arrears of child support, under á Mexican divorce decree incorporating a separation agreement, has already been directed by this court (77 Misc 2d 230). Petitioner now seeks an ¡award of interest, on each defaulted payment from its due date.
Neither the Family Court Act nor the Domestic Relations Law ¡mentions the payment of interest on arrears; and it is true, as respondent argues, that, a demand for such interest is *939 unusual. Nevertheless, the award of interest in a matrimonial action has precedent. (Kelley v. Kelley, 275 App. Div. 887; Roth v. Roth, 47 Misc 2d 701; Wright v. Wright, 139 Misc. 423; Matter of Glickman, 132 Misc. 785, 786.) (In the last-cited case, while the Surrogate referred to enforcement of a “ judgment for alimony,” he in fact enforced arrears for which no judgment had theretofore been entered.) The fact that these cases involved ailmony for an ex-wife rather than child support seems an inconsequential circumstance.
Besides these precedents, CPLR 5001 is persuasive authority for this court’s discretion to award interest on arrears in the instant proceeding.
The CPLR applies in the Family Court to the extent appropriate (Family Ct. Act, § 165). .Subdivision (a) of CPLR 5001 provides: “ Interest shall be recovered upon a sum awarded because of a breach of performance of a contract * * * except that in an action lof an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion.” Since .CPLR 5001 is phrased in terms of a recovery because of a breach of contract rather than for a breach, it is arguable that CPLR 5001 is directly applicable to an action like the instant one, under, a decree incorporating a contract. At the least, CPLR 5001 undoubtedly must be regarded as a controlling expression of policy, because the award herein is so closely related to an award “ because of a breach of performance of a contract ” (cf. Morgan v. Onassis, 5 N Y 2d 732).
Since the order herein is enforceable by contempt and this action therefore should be deemed “of an equitable nature ” (cf. Bosco v. Alicino, 37 A D 2d 552), CPLR 5001 dictates this court’s exercise of discretion in awarding interest to petitioner. Thus, this court is to consider something more than the principle that mandates the award of interest: that “interest is essential to complete indemnity” (Flamm v. Noble, 296 N. Y. 262, 268) and is “an element of compensation for delayed payment ” (Matter of Kavares, 29 A D 2d 68, 71), In the discretionary award of interest the court is also to consider the sometimes elusive, composite quality of the defaulter’s good faith. (See Ellis v. Kelsey, 241 N. Y. 374, 379-380; Spadanuta v. Incorporated Vil. of Rockville Centre, 20 A D 2d 799, affd. 15 N Y 2d 755; Matter of Grove, 12 Misc 2d 727, 731.)
The test is easy to apply and yields a result in the petitioner’s favor, in regard to the items respondent was already directed to pay by another Judge of this court in 1969: (Thus, it is clear *940 that interest at the legal rate should be awarded from February 4, 1969 on $1,850 and from 'March 1, 1969 on $312.50, until the date of payment of these amounts.) As to interest on arrears due because of defaults in monthly payments from September, 1971 to May, 1973, the question of the equities is more difficult.
Good faith must mean something more than the mere existence of facts on which a lawyer can predicate a defensive argument. Thus, considering among others things the 1969 proceedings on arrears and the time lag between the alleged justification for the instant defaults and their commencement, respondent’s good faith seems questionable. This is not a case like Sutton v. Leib (199 F. 2d 163, 165), in which interest on arrears was denied because both the petitioning former wife and the courts had given respondent reason to believe his obligation had ceased.
On the other hand, an element here which is absent in most contract actions, is that respondent incurs a special financial burden because of his default, in the form of1 his liability for counsel fees. In addition, the duration of respondent’s default is attributable to delays in concluding this proceeding, for which respondent was no more responsible than petitioner. Under the circumstances, interest will not be awarded on the arrears accumulated since September, 1971. Settle order on notice.