OPINION OF THE COURT
Richard F. Kuhnen, J.
By a mistake for which plaintiff banking institution was clearly not responsible moneys which rightfully were owed to defendant Audio-Video Corporation were turned over to the bank by defendant Bulan as trustee in bankruptcy of Seneca Communications, Inc. Plaintiff, who had a security interest in accounts receivable of Seneca Communications and in any proceeds thereof collected by the trustee, understandably instituted an action for a declaratory judgment to determine the rightful owner of the money involved, amounting to $8,952.
By decision on March 18,1981, this court granted Audio-Video’s motion for an order dismissing the complaint and directing plaintiff to turn over to Audio-Video the money, with interest and costs.
*237 Defendant Audio-Video now asks that the court, pursuant to CPLR 5001 (subd [a]), decide that it is entitled to a rate of interest “equivalent to that earned by the plaintiff bank for their many months of wrongful possession, or alternatively, it is entitled to interest at a rate it, the defendant Audio-Video, could have earned had they had these funds in their own bank account”.
CPLR 5001 (subd [a]) provides: “Actions in which recoverable. Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an act or omission depriving or otherwise interfering with title to, or possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court’s discretion.”
Plaintiff concedes that the court is not bound here by the 6% rate of CPLR 5004, but insists that application of equitable principles to the circumstances involved show no wrongdoing on plaintiff’s part and that therefore no interest should be directed. (Matter of Grove, 12 Misc 2d 727.)
An examination of copies of correspondence furnished the court shows that on September 22, 1980, the attorney for the defendant Homer Central School District notified the plaintiff bank of the mistake involved, that his client had inadvertently made its check payable to Seneca Communications instead of Audio-Video. On October 7, 1980, the bank’s counsel advised counsel for the Homer Central School District that it could not turn over the funds to Audio-Video without prejudicing its rights against the guarantors of Seneca Communication’s indebtedness and that it was “an innocent victim of someone else’s mistake”.
The situation obviously then required that a judicial determination be sought by Audio-Video, which sought possession or, less obviously, by the bank, which had possession. No action was taken by Audio-Video and, eventually, the bank instituted the present action and even granted Audio-Video’s counsel an extension of time to serve its answer to the complaint.
We do not find in this recital any indication of wrongdoing or any inequitable conduct or unjust enrichment on *238 plaintiff’s part, or any justification for directing more than the statutory rate of interest of CPLR 5004, which we therefore impose. Although both parties might have obtained a greater rate by investment, the statutory rate is no less than that prevailing on the average checking account or savings deposit.
As pointed out in the decision cited, Matter of Grove (supra, at p 731): “There is no claim here that the failure of the trustee in its duty was willful, or characterized by bad faith, where in such case the highest rate of permissible interest could be imposed. But where good faith and honest mistake concur, the rate of interest rests in a discretion that permits the consideration of all the circumstances, so that substantial justice can be done to the cestui que trust by allowing a less rate.”
Interest at the rate of 6% is therefore allowed from July 7, 1980, the date of the receipt of the moneys by plaintiff, and we have signed the order presented to us to so indicate.